IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

KEITH BRUNO TITSWORTH,

    Petitioner,

v.      Case No. 22-CV-381-JFH-GLJ

STEVEN HARPE,

    Respondent.

## OPINION AND ORDER

Petitioner Keith Bruno Titsworth ("Titsworth"), a state prisoner appearing *pro se*,[1] brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against him in the District Court of Carter County, Case No. CF-2011-362. Dkt. No. 19. Respondent Steven Harpe ("Harpe") moved to dismiss Titsworth's amended petition on the basis that Titsworth failed to initiate the action within the one-year limitations period prescribed in 28 U.S.C. § 2244(d)(1). Dkt. Nos. 22, 23. Titsworth submitted a response in opposition to the motion. Dkt. No. 24. For the reasons discussed herein, the Court grants Harpe's motion and dismisses the amended petition.

**I.    BACKGROUND**

On July 18, 2012, Titsworth entered a plea of guilty in the District Court of Carter County, Case No. CF-2011-362, to one count of murder in the first degree. Dkt. No. 23-2 at 1-4.[2] The

---

[1] Because Titsworth appears without counsel, the Court must liberally construe his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the rule of liberal construction neither requires nor permits the Court to act as an advocate on his behalf by crafting legal arguments or scouring the record for facts to support his claims. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[2] The Court's citations refer to the CM/ECF header pagination.

state district court pronounced judgment that same date and sentenced Titsworth to life without the possibility of parole. Dkt. No. 23-3 at 1. Titsworth did not move to withdraw his plea within ten days of sentencing, a precondition to seeking direct review of his conviction and sentence through a certiorari appeal with the Oklahoma Court of Criminal Appeals (OCCA). Dkt. No. 23-1 at 9; *see Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012). Nearly five years later, on April 7, 2017, Titsworth filed a "Motion to Set Judicial Review Hearing," which the state district court construed as a request for sentence modification and denied on August 22, 2017. Dkt. Nos. 23-4, 23-6. Titsworth then filed an application for postconviction relief in the state district court on July 23, 2020. Dkt. No. 23-7. The district court denied the application on June 7, 2022, and the OCCA affirmed the determination on September 9, 2022. Dkt. Nos. 23-15, 23-18.

Titsworth initiated this federal habeas action on December 29, 2022. Dkt. No. 1. In his amended petition, Titsworth alleges that, pursuant to the United States Supreme Court's decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), the state court lacked jurisdiction to convict him because he is "an Indian, [and the] alleged act occurred in Indian Country." Dkt. No. 19 at 5, 7, 17-28. Harpe contends that the amended petition must be dismissed due to the expiration of the limitations period governing Titsworth's action.

## II.   DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). These events include:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

### a. The Applicable Limitations Period

Titsworth first invokes § 2244(d)(1)(D), claiming that he "only discovered the issue in July 2020." Dkt. No. 19 at 13. Presumably, Titsworth is referring to the U.S. Supreme Court's July 9, 2020, determination in *McGirt* that Congress has not disestablished the Muscogee (Creek) Nation Reservation. The fact that the Muscogee (Creek) Nation Reservation has not been disestablished, however, was discoverable through the exercise of due diligence before the Supreme Court analyzed the issue in *McGirt*. *See Ford v. Dowling*, No. 22-6138, 2023 WL 2641476, at *3 (10th Cir. Mar. 27, 2023) (unpublished) ("[Section] 2244(d)(1)(D) is inapplicable because nothing in *McGirt* can be said to reveal a new factual predicate for [the petitioner's] claim.");[3] *Stiltner v. Nunn*, No. 21-CV-0374-GKF-CDL, 2022 WL 951997, at *5 (N.D. Okla. Mar. 29, 2022) ("[A] reasonably diligent petitioner could have discovered the facts necessary to challenge Oklahoma's criminal jurisdiction before *McGirt* was decided in 2020."). Accordingly, § 2244(d)(1)(D) does not afford Titsworth a later initiation date of the one-year limitations period.

---

[3] The Court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Since Titsworth has failed to allege facts triggering 28 U.S.C. § 2244(d)(1)(B), (C), or (D), the one-year limitations period for his petition began to run pursuant to § 2244(d)(1)(A) on the date on which his conviction became final by the expiration of his time to seek direct review. Titsworth argues that this provision is inapplicable because "the state did not have jurisdiction [and] without jurisdiction a case is never final." Dkt. No. 19 at 13-14.  Claims that a judgment was imposed without proper jurisdiction, however, are not exempt from the AEDPA's one-year statute of limitations.  *See Pacheco v. Habti*, 62 F.4th 1233, 1245 (10th Cir. 2023) ("When Congress enacted the limitations period in AEDPA, it discerned no reason to provide a blanket exception for jurisdictional claims."); *Murrell v. Crow*, 793 F. App'x 675, 679 (10th Cir. 2019) (holding that, "as with any other habeas claim," the petitioner's claim that the trial court lacked jurisdiction to accept his plea was "subject to dismissal for untimeliness" (alteration and internal quotation marks omitted)); *Lamarr v. Nunn*, No. 22-6063, 2022 WL 2678602, at *2 (10th Cir. July 12, 2022) (unpublished) (rejecting argument that, "because the state trial court lacked jurisdiction to convict [the petitioner] under *McGirt*, [the petitioner's] conviction was never 'final'" for purposes of the AEDPA's limitations period).

Titsworth was afforded ten days from July 18, 2012, the date of his judgment and sentence, to initiate a direct appeal by requesting the withdrawal of his guilty plea.  *See* Okla. Crim. App. R. 4.2(A).  Titsworth failed to do so, and his judgment therefore became final on July 30, 2012.[4]  The one-year limitations period for seeking federal habeas relief began to run the following day, on July 31, 2012, and expired one year later, on July 31, 2013.  Section 2244(d)(1)(A) therefore bars Titsworth's federal habeas action absent statutory or equitable tolling or a showing of actual innocence.

---

[4] Ten days from July 18, 2012, was Saturday, July 28, 2012.  Because this date fell on a Saturday,

### b. Statutory and Equitable Tolling

Under 28 U.S.C. § 2244(d)(2), the limitations period is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). This statutory tolling provision, however, does not apply to applications for state postconviction or other collateral review filed beyond the one-year limitations period prescribed by the AEDPA. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *Anderson v. Cline*, 397 F. App'x 463, 464 (10th Cir. 2010) ("[I]t is long settled that a state court motion for collateral relief cannot restart the clock on a limitations period that has already expired."). Titsworth's 2020 application for postconviction relief was filed seven years after the expiration of the AEDPA's one-year limitations period and does not, therefore, trigger statutory tolling under § 2244(d)(2).[5]

While the one-year statute of limitations may be subject to equitable tolling, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Nothing in Titsworth's submissions indicates that extraordinary circumstances precluded the timely submission of his action. He claims that his

---

Titsworth's filing deadline extended to the following Monday. *See* Rule 1.5, *Rules of the Oklahoma Court of Criminal Appeals*.

[5] Titsworth's 2017 Motion to Set Judicial Review Hearing, which the state court construed under Okla. Stat. tit. 22, § 982a, similarly was filed several years after the expiration of the AEDPA's limitations period. Further, the Tenth Circuit has held in an unpublished opinion that section 982a motions to modify a sentence "do not constitute post-conviction proceedings that toll the [AEDPA's] limitations period." *Clemens v. Sutter*, 230 F. App'x 832, 834 n.1 (10th Cir. 2007).

facility was "on lockdown 95% of the time since 7/6/22," that he was "without physical access to the law library" for weeks, and that he encountered an "ongoing problem for most of 2023" relating to his facility's "disburse[ment] [of] the $5.00 filing fee." Dkt. No. 19 at 17. Even if the Court were to assume that these allegations constitute extraordinary circumstances, they do not account for his failure to seek habeas relief for nearly a decade. *See Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) ("An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (alteration and internal quotation marks omitted)).[6]

### III. CONCLUSION

Based on the foregoing, the Court grants Harpe's motion to dismiss the petition [Dkt. No. 22]. In addition, the Court declines to issue a certificate of appealability because the Court finds that no reasonable jurists would debate the dismissal of the petition on statute-of-limitations grounds. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

ACCORDINGLY, IT IS HEREBY ORDERED that:

1. Harpe's motion to dismiss [Dkt. No. 22] is GRANTED;

2. the amended petition for writ of habeas corpus [Dkt. No. 19] is DISMISSED with prejudice as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations;

3. a certificate of appealability is DENIED; and

4. a separate judgment shall be entered in this matter.

Dated this 29th day of April 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[6] Titsworth has not argued or demonstrated that the untimeliness of his petition is excusable under the doctrine of actual innocence.